[Crim. No. 1217.    Second Appellate District, Division One.—May 8, 1925.]

THE PEOPLE, Respondent, v. E. L. SOKOLIS, Appellant.

[1] CRIMINAL LAW—RECEIVING STOLEN PROPERTY—CROSS-EXAMINATION OF DEFENDANT.—In a prosecution for receiving stolen property, where the defendant, on direct examination, after giving an account of some transactions in which he purchased one or both of the automobiles which were alleged to have been stolen and describing somewhat generally his method of transacting business in relation to the purchase and sale of automobiles, denies in general terms that he ever purchased any automobiles knowing they were stolen property, it is not error to permit the district attorney, on cross-examination, to show by the defendant's own admission that he had made contrary statements, or that his conduct had been inconsistent with the statements given in his direct testimony.

---

(1) 40 Cyc., p. 2553, n. 28.

APPEAL from a judgment of the Superior Court of Los Angeles County. Arthur Keetch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mart Coles for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of receiving stolen property. He appeals from the judgment and from an order denying his motion for a new trial.

No briefs were filed. [1] On oral argument, counsel for appellant, without specifically pointing out any error of the trial court, stated as the ground of his appeal that on cross-examination of the defendant the court permitted that cross-examination to include matters outside of the scope of the direct examination, and that defendant was thereby unlawfully compelled to be a witness against himself.

The rule of law relating to such cross-examination, as well as the manner in which that rule should be applied, was clearly explained by the supreme court in *People* v. *Creeks*, 170 Cal. 368, 379 [149 Pac. 821]. We have examined those portions of the defendant's testimony to which we understand that the oral argument referred. On direct examination, the defendant gave an account of some transactions in which he purchased one or both of the automobiles which were alleged to have been stolen, and also described somewhat generally his method of transacting business in relation to the purchase and sale of automobiles. In reply to a question of his counsel, asking whether he did "so take that car or any other car," the witness replied, "No, sir. I never taken any car if I knew it was stolen, because I never do any kind of business like that." After he had given some other testimony of a similar character, he was questioned by the district attorney about the particular transactions concerning which he had testified. Also, he was questioned about other matters which could be responsive only to the direct testimony of the witness in which he denied in general terms that he ever purchased any stolen automobiles knowing that they were stolen property. The court overruled the objections, not only for the reason that the questions had a bearing upon "the question of intent" of the defendant, but also for the additional stated reason that the direct examination had covered the topic, and that thereby the gates had been let down for the purpose of impeaching the witness and attacking his credibility.

We think that the cross-examination was reasonably limited to the subject matter of the direct examination and that there was no error in overruling the objections of the

defendant.    To have excluded these questions from the cross-
examination would have left unchallenged his general state-
ments made in his own favor in giving his direct testimony.
The prosecution was entitled to meet that situation by ap-
propriate questions, to show by the defendant's own admis-
sion that he had made contrary statements or that his con-
duct had been inconsistent with the statements given in his
direct testimony.

The judgment and order are affirmed.

Curtis, J., and Hahn, J., *pro tem.*, concurred.